STATE OF FLORIDA, ex rel., W. C. JACKSON, Individually and as a County Commissioner of Volusia County, Florida, and T. K. APGAR, Individually, and as a County Commissioner of Volusia County, Florida, *Relators*, vs. SAMUEL D. JORDAN, as Clerk of the Circuit Court in and for Volusia County, Florida, J. E. PEACOCK, as County Judge of Volusia County, Florida, and S. E. STONE, as Sheriff of Volusia County, Florida, *Respondents*.

En Banc.

Opinion filed May 26, 1931.

Petition for rehearing denied June 6, 1931.

*Hull, Landis & Whitehair,* for Relators;

*Stewart & Stewart, Scarlett & Futch,* and *Gardiner & Gardiner,* for Respondents.

PER CURIAM.—Section 2772 Revised General Statutes of 1920 (Section 4444 Compiled General Laws of 1927) requires the County Commissioners of the several counties to hold a meeting in January of each year, or as soon thereafter, as practicable and at such other times as the Circuit Judge may order, to select from those qualified to serve, and make out a list of jurors for the current year. It is also required that the list be personally selected and that in addition to their legal qualifications it is required that they shall be such persons only as the County Commissioners know, or have good reason to believe, are law-abiding citizens of approved integrity, good character, sound judgment and intelligence, and who are not physically or mentally infirm. When completed the list must be signed and verified by the Commissioners as having been personally selected by them and as possessing the prescribed qualifications according to their best information and belief.

When the list is made and verified it is then delivered to the clerk of the Circuit Court who in the presence of the County Judge and Sheriff of the County is required to write the names of the persons listed on separate pieces of paper, folding them so the names will not be visible and deposit them in a box which shall be tightly closed

and securely locked and across the opening thereof shall be placed a label or seal containing the signature of the clerk and the date the box was closed. The clerk is required to keep the box in his custody and turn the key over to the sheriff. Section 2776 Revised General Statutes of 1920 (Section 4453 Compiled General Laws of 1927).

In obedience to the law as above recited, the County Commissioners of Volusia County met on the fifth day of January, 1931, and prepared and verified the jury list and delivered it to the clerk of the Circuit Court to be deposited in the box but the clerk did not deposit the names in the box because of absence non-availability of the County Judge. On January 5, 1931, the terms of three members of the Board of County Commissioners expired and they were in turn succeeded by three new members, two members of the old board having succeeded themselves. The new Board met on January 6, 1931, and immediately organized and adopted a resolution rescinding all that had been done the day before with reference to the selection of the jury list, the new members supporting the resolution and the old members opposing it. The new members of the Board took charge of the meeting, completely ignored the old members and proceeded to make and verify a second jury list, which was placed in the hands of the clerk who deposited it in the box in the presence of the County Judge and the Sheriff as the law directs.

On petition of relators, W. C. Jackson and T. K. Apgar, individually and as County Commissioners of Volusia County, alternative writ of mandamus was issued from this Court directed to Sam D. Jordan, as Clerk of the Circuit Court, J. E. Peacock, as County Judge, and S. E. Stone, as Sheriff, commanding them to show cause why

the jury box should not be purged of the list drawn and placed in it January 6, and the list drawn on January 5 as aforesaid be placed therein. as the law directs. The cause now comes on to be disposed of on the demurrer and motion to quash the alternative writ interposed by J. E. Peacock as County Judge.

The demurrer and motion to quash raise the same questions. They allege that there is a non joinder of parties respondent, that the jury list sought to. be placed in the box was not properly verified, that the County Commissioners were within the law in discarding the list of January 5, and in adopting their resolution of January 6 providing for a new list, that this proceeding is an attempt to control the discretion of the County Commissioners and that the legality of the list can be raised only by a defendant at the time of trial.

None of these contentions is well supported. The duty of drawing the jury list is imposed on the County Commissioners but the matter of preparing and depositing it in the box is a duty imposed exclusively on the clerk of the Circuit Court, the County Judge, and the Sheriff of the County and there was no reason in law to include any others as parties respondent with them in this suit.

It is true that County Commissioners are vested with a broad discretion in making jury lists but it is equally true that such discretion must be exercised according to law. It is shown by the alternative writ which is admitted by the demurrer that the list made January 5 was made and verified in compliance with law while that made on January 6 was an arbitrary exercise of power, without legal sanction and in total disregard of the rights of two members of the Commission who were present and participating in the meeting. There was apparently no attempt to comply with the law governing this selection.

Under Section 2772 Revised General Statutes of 1920 the responsibility for drawing a jury list is not a trivial matter. It is one of the most responsible duties imposed on the County Commissioners and involves their composite judgment, their personal selection, their serious thought, and their faithful effort in a fair and impartial administration of the law. When a "block of Commissioners undertake to prepare a jury list in complete disregard of the advice and counsel of other members both the spirit and letter of the law are violated.

This Court has repeatedly referred to the sanctity of the jury box and the necessity for following the requirements of law in its drawing and selection. When that is not done any grand or petit jury drawn from it would be fatal under plea in abatement and while the latter is the usual method of testing the legality of a jury list, we are of the view that its legality may be adjudicated in a proceeding of this kind.

It follows that the demurrer and motion to quash the alternative writ must be and are hereby overruled.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL AND BROWN, J.J., concur.

DAVIS, J., not participating.